IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL RICHARD SANCHEZ, JR.,

    Petitioner,                              No. CIV-S-10-0737 GEB DAD (TEMP) P

    vs.

KELLY HARRINGTON,[1]

    Respondent.                             FINDINGS AND RECOMMENDATIONS

                                   /

        Petitioner is a California prisoner proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges several convictions entered in 2007 including convictions for robbery and assault with a deadly weapon. He is serving a sentence of 25-years-to-life imprisonment with one year imprisonment to be served consecutively.

        Petitioner filed his original habeas petition on February 25, 2010 raising four claims. Such claims must be exhausted as a prerequisite to the granting of a federal petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before

---

[1] Kelly Harrington, the warden at petitioner's place of incarceration, is hereby substituted as respondent in this action. Dunbar v. Cranor, 202 F.2d 949, 950 (9th Cir. 1953). See Fed R. Civ. P. 25(d).

1

presenting them to the federal court.  <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971).  Because the court could not determine if petitioner had exhausted his claims in state court, the court issued an order on May 3, 2010, directing petitioner to identify which claims, if any, had been presented to the California Supreme Court thereby satisfying the exhaustion requirement.

On August 23, 2010, petitioner filed a motion for leave to file an amended petition and a proposed amended petition.  In his proposed amended petition, petitioner identified two claims which are claims 2 and 3 from petitioner's original habeas petition:

1. The trial court violated petitioner's Sixth Amendment right to counsel when it denied petitioner's motion for new counsel; and

2. Petitioner's right to due process under the Fourteenth Amendment was violated when the trial court allowed into evidence an out of court identification of petitioner being the person who committed the crimes charged despite the fact that procedures used in the identification process were suggestive and tainted.

Petitioner indicated in his amended petition that these claims had been presented to, and rejected by the California Supreme Court.  Documents provided by respondent confirm that the two claims identified above were considered by the California Supreme Court.  There is nothing before this court indicating that California Supreme Court has considered any other claims presented by petitioner.

On December 7, 2011, the court issued an order indicating petitioner had complied with the court's order that petitioner inform the court which claims had been presented to the California Supreme Court; claims 2 and 3.  The court also granted petitioner's motion for leave to amend and ordered respondent to file a response to the amended petition.

In response to the court's order, respondent filed a motion to dismiss for failure to exhaust state court remedies on January 20, 2011.  (Doc. No. 25.)  Despite the court's December 7, 2011, order, respondent appears to be under the impression that the operative petition is the original petition and not the amended petition filed August 23, 2010.  Because it is clear the

petitioner has exhausted state court remedies with respect to the two claims which are presented in the amended petition, the court will recommend that respondent's motion to dismiss be denied.

Perhaps confused by respondent's motion to dismiss, on April 11, 2011, petitioner has filed a request for a stay so that he may return to state court to exhaust his original claims 1 and 4. (Doc. No. 29.) Respondent has not opposed petitioner's motion for a stay.

In King v. Ryan, 564 F.3d 1133, 1140-41 (9th Cir. 2009), the Ninth Circuit held that a court may stay a habeas petition pursuant to the three test procedure first announced in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). Under the Kelly procedure, (1) a petitioner must amend his habeas petition to delete any unexhausted claims; 2) the court stays the fully exhausted petition allowing petitioner the opportunity to proceed in state court to exhaust the deleted claims; and 3) the petitioner later amends his petition and reattaches the newly-exhausted claims to the original petition. Id. at 1070-71.

Petitioner has already amended his habeas petition deleting his unexhausted claims.[2] Under the holding in King, petitioner may return to state court and exhaust the unexhausted claims identified in his original habeas petition which he has deleted from the amended petition. When state court remedies have been properly exhausted, petitioner must seek leave to amend his amended petition to add the newly-exhausted claims if he wishes to seek relief on those claims from this court.

Petitioner is cautioned, however, that a future request for leave to amend may be met by a statute of limitations challenge. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which governs review of this case, imposes a one-year statute of limitations

---

[2] If petitioner were seeking a stay of a federal habeas action involving a petition containing both exhausted and unexhausted claims (such as his original petition filed in this court), under the holding in Rhines v. Weber, 544 U.S. 269, 277-78 (1995), he would have to show that his unexhausted claims are potentially meritorious as well as good cause for failing to exhaust those claims before filing his federal petition in order to obtain a stay. See King v. Ryan, 564 F.3d 1133, 1140 (9th Cir. 2009).

on the filing of federal habeas petitions. 28 U.S.C. § 2244(d) (1). AEDPA's one year limitations period is not tolled by this action. Duncan v. Walker, 533 U.S. 167, 172 (2001). If petitioner subsequently seeks further leave to amend his amended petition in this action, the newly exhausted claims may well be found time-barred unless those claims "relate back" to the claims alleged in petitioner's amended petition. The Supreme Court has held that a petitioner may amend a new claim into a pending federal habeas petition after the expiration of the limitations period, but only if the new claim shares a "common core of operative facts" with the claims in the pending petition and is the same in both "time and type" from those set forth in the original pleading. Mayle v. Felix, 545 U.S. 644, 659 (2005). A new claim does not "relate back" to the filing of an exhausted petition simply because it arises from "the same trial, conviction, or sentence." Id. at 662-64.

As indicated above, the court will recommend that petitioner's request for a stay be granted. However, if, in light of the information provided above concerning the applicable statute of limitations, petitioner decides to proceed only with the two claims set out in his amended habeas petition, he should so inform the court within the 21-day period for filing objections to these findings and recommendations.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's January 20, 2011, motion to dismiss (Doc. No. 25) be denied;

2. Petitioner's April 11, 2011, unopposed request for a stay (Doc. No. 29) be granted;

3. The Clerk of the Court be directed to administratively close this case; and

4. Petitioner be directed to provide the court with a status report every ninety days as to his progress in exhausting his unexhausted claims in state court, including the status of any state habeas petition he may elect to file.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-

one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 22, 2011.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kc
sanc0737.157(1)